UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                              Case No. 22-cr-0176-bhl

NYGIL A. McDANIEL,

          Defendant.

## ORDER

On September 13, 2022, a grand jury indicted Defendant Nygil McDaniel (McDaniel) on four charges connected to various firearms offenses. (ECF No. 1.) Count Four charges McDaniel and co-defendant Jessica O'Hora (O'Hora) with knowingly making a false statement to a federally licensed firearms dealer in connection with the purchase of a 9mm Smith & Wesson pistol in violation of 18 U.S.C. §922(a)(6).[1] (*Id.* at 4.) The indictment specifically alleges that on or about March 11, 2022, O'Hora made two separate false statements on a firearms transaction form: (1) she claimed she was the actual purchaser of the firearm when she was purchasing it for McDaniel, and (2) she falsely claimed that she was not an unlawful user of marijuana. (*Id.*) McDaniel is also named in this count as a party to O'Hora's crime. (*Id.*) On January 17, 2023, McDaniel moved to dismiss Count Four, arguing that it is duplicitous because it alleges two separate false statements made by O'Hora. (ECF No. 33.) On April 17, 2023, Magistrate Judge Stephen C. Dries issued a Report recommending that this Court deny McDaniel's motion to dismiss Count Four as duplicitous. (ECF No. 45.) Neither party has objected to Judge Dries's Report.

A charge is duplicitous if it joins two separate crimes in the same count. *See United States v. O'Brien*, 953 F.3d 449, 454 (7th Cir. 2020). "[A] count is not duplicitous . . . if it charges the

---

[1] 18 U.S.C. §922(a) states: "It shall be unlawful – … (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provision of this chapter."

commission of a single offense through different means." *Id.* (citing Fed. R. Crim. P. 7(c)(1) (a count "may allege . . . that the defendant committed [the offense] by one or more specified means"). As stated in an earlier Seventh Circuit decision, "two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count." *United States v. Berardi*, 675 F.2d 894, 898 (7th Cir. 1982).

As the magistrate judge correctly concluded, Count Four is not duplicitous. It "permissibly charges the commission of single offense—knowingly making a false statement to a federally licensed firearms dealer in connection with the purchase of a firearm in March 2022—through two different means." (ECF No. 45 at 2.) O'Hora made two false allegations: she claimed that she was the actual purchaser of the firearm when she knew she was acquiring the firearm for McDaniel and she stated was not an unlawful user of marijuana. As further noted by the magistrate judge, other courts have held that charging a defendant with making two false statements on a single form in connection with the purchase of a firearm does not violate the rule against duplicity. (*Id.*) (collecting cases). Because Count Four charges the commission of a single offense through two different means, Judge Dries recommended that the Court deny McDaniel's motion to dismiss Count Four as duplicitous. Having reviewed Judge Dreis Report and, given the absence of any objections, the Court adopts the report and will deny McDaniel's motion to dismiss.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's Report (ECF No. 45) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss (ECF No. 33) is **DENIED**.

Dated at Milwaukee, Wisconsin on September 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
