UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                              Case No. 22-cr-0176-bhl

NYGIL A. McDANIEL,

          Defendant.

## ORDER

On September 13, 2022, a grand jury indicted Defendant Nygil McDaniel (McDaniel) on four charges connected to various firearms offenses. (ECF No. 1.) Count Two charges McDaniel with knowingly possessing firearms while also knowing that he was an "unlawful user" of marijuana in violation of 18 U.S.C. §922(g)(3)[1]; Counts One and Four charge McDaniel with knowingly making a false statement about being an "unlawful user" in violation of 18 U.S.C. §922(a)(6).[2] (ECF No. 1 at 1-2, 4.) McDaniel has been arraigned on these charges and entered not guilty pleas on all counts. (ECF No. 13.)

On January 17, 2023, McDaniel moved to dismiss Counts One, Two and Four. (ECF No. 31.) He argues that Count Two, the possession by unlawful user charge, must be dismissed because Section 922(g)(3) does not give proper notice as to who constitutes an "unlawful user" of a controlled substance and is therefore unconstitutionally vague on its face and as applied to him. (*See* ECF No. 31 at 2-8.) He further argues that Counts One and Four, the false statement charges, must also be dismissed given the unconstitutional vagueness of Section 922(g)(3). (*Id.*)

---

[1] 18 U.S.C. §922(g) states: "It shall be unlawful for any person – … (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)); to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] 18 U.S.C. §922(a) states: "It shall be unlawful – … (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provision of this chapter."

On April 17, 2023, Magistrate Judge Stephen C. Dries issued a Report recommending that McDaniel's motion should be denied. (ECF No. 44.) Judge Dries concluded that McDaniel's vagueness challenge was barred by the Seventh Circuit's ruling in *United States v. Cook*, 970 F.3d 866 (7th Cir. 2020). In *Cook*, the Seventh Circuit rejected a challenge to Section 922(g)(3) based on the term "user" being unconstitutionally vague. The Court held that the term "user" means "one who regularly or habitually ingests a controlled substance in a manner other than as prescribed by a physician." *Id*. at 874 (citing *United States v. Yancy*, 621 F.3d 681, 682 (7th Cir. 2010)). The Court stated that even if "it may sometimes be difficult to determine if any individual's drug use meets section 922(g)(3)'s standard for liability," there was "no doubt as to the essence of what the statute forbids: the possession of a firearm by one who is engaged in the regular and ongoing use of a controlled substance other than as prescribed by a doctor." *Id.* at 877 (citing *United States v. Williams*, 553 U.S. 285, 306 (2008)). Given this "obvious core of conduct proscribed by the statute," *Cook* disallowed facial vagueness challenges to Section 922(g)(3). *Id.*

Judge Dries also ruled that McDaniel's as-applied vagueness challenge to Section 922(g)(3) fared no better. (ECF No. 44 at 3.) The government's uncontested facts showed that when McDaniel was arrested in August 2020 for having a loaded handgun and close to an ounce of marijuana in his backpack, he told the police that he used marijuana almost every day and that since 2014, he had regularly used marijuana. (ECF No. 38 at 2-6.) As explained by Judge Dries, McDaniel's admitted marijuana use "undoubtedly falls within the obvious core of conduct proscribed by [Section 922(g)(3)]." (ECF No. 44 at 3 quoting *Cook*, 970 F.3d at 877-78 (noting that an as-applied vagueness challenge to Section 922(g)(2) "would surely fail" for a defendant who admitted to "using marijuana for almost ten years," including smoking "two blunts on the day of his arrest").

McDaniel concedes that *Cook* is binding authority but objects to Judge Dries's Report to preserve his right to challenge that authority on appeal. (ECF No. 44.) For the reasons stated in Judge Dries's Report, and because McDaniels largely does not disagree with the Report's reasoning and application of *Cook*, the Court will adopt the Report in full and deny McDaniel's motion seeking to dismiss Counts One, Two and Four on vagueness grounds.

Accordingly,

The Court **OVERRULES** the Defendant's objections to Judge Dries's Report (ECF No. 46) and **ADOPTS** the Recommendation of Judge Dries (ECF No. 44).

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Counts One, Two and Four for Unconstitutional Vagueness (ECF No. 31) is **DENIED**.

Dated at Milwaukee, Wisconsin on September 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge